
REICHMAN JORGENSEN
LEHMAN & FELDBERG LLP

Brian C. Baran
1909 K Street NW, Suite 800
Washington, DC 20006
Direct Dial: (650) 623-5070
bbaran@reichmanjorgensen.com

April 1, 2026

*Via ACMS*
Catherine O'Hagan Wolfe, Clerk of Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

> Re: *Mulhern Gas Co. v. Mosley*, No. 25-2041 (argued Jan. 30, 2026)
> Response to Intervenors' March 27, 2026 Rule 28(j) Letter (Dkt.72.1)

Dear Ms. Wolfe:

Plaintiffs-Appellants respond to Intervenors-Appellees' Rule 28(j) letter regarding two district court decisions upholding local gas bans. Both decisions are incorrect for the reasons explained in Plaintiffs' briefs. And their weaknesses underscore the flaws in Defendants' interpretation of EPCA.

To highlight just a few problems: Neither decision has a satisfactory answer to §6297(f)(3)'s building code exception. Opening.Br.42-46; Reply.Br.23-27. Neither can account for Congress's 1987 amendments to the preemption provision. Opening.Br.36-38; Reply.Br.13-16. And neither explains what distinguishes the effect of a ban on gas appliances from that of an undisputedly preempted regulation expressly prescribing a maximum energy use of zero for gas appliances. Opening.Br.29-30; Reply.Br.1-6, 17-18.

The Maryland decision (Dkt.72.2) merely adopts the views of the Ninth Circuit dissent from denial and the decisions on appeal here. D.Md.Op.10-13. It ignores §6297(f)(3) and Congress's 1987 rewrite of §6297(c). *Id.*

The District of Columbia decision (Dkt.72.3) tries and fails to address those points. It cannot identify any example of "building codes that *do* concern energy efficiency or use" that "could still be excepted from preemption" under §6297(f)(3), D.D.C.Op.18. So the court throws up its hands, suggesting that it is no problem to make the exception superfluous because Congress might have been "provid[ing] multiple routes for escaping" preemption. D.D.C.Op.18. *But see* Opening.Br.46 (citing *Pulsifer v. United States*, 144 S. Ct. 718, 731-32 (2024)).

Next, despite acknowledging that EPCA's amendment history "informs" the correct interpretation, D.D.C.Op.9-10, the decision ignores the most relevant history: The statute

April 1, 2026
Catherine O'Hagan Wolfe, Clerk of Court
Page 2

used to say what gas ban proponents claim it says now, but Congress rewrote it to say "regulation concerning" instead. Opening.Br.36-38.

The D.D.C. decision offers some new arguments, but those too expose the flaws in Defendants' interpretation. Contrary to EPCA's distinct definitions of "energy use," "energy efficiency," and "energy conservation standard," §6291(4)-(6), the decision declares those terms "synonymous," D.D.C.Op.10-11. And it seemingly limits §6297(c) to regulations that "conflict[] with" federal standards. D.D.C.Op.12. That is not what §6297(c) says. Regardless, it is what gas bans do—they effectively take the passing score on the federal energy use test (*e.g.*, maximum 1,770 kBtu/year for gas stoves) and change it to zero. *See* D.D.C.Op.11-12.

Respectfully submitted,

*/s/ Brian C. Baran*

Brian C. Baran
*Counsel for Plaintiffs-Appellants*
