
**REICHMAN JORGENSEN LEHMAN & FELDBERG LLP**

Brian C. Baran
1909 K Street NW, Suite 800
Washington, DC 20006
Direct Dial: (650) 623-5070
bbaran@reichmanjorgensen.com

June 1, 2026

***Via ACMS***
Catherine O'Hagan Wolfe, Clerk of Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

> Re: *Mulhern Gas Co. v. Mosley*, No. 25-2041 (argued Jan. 30, 2026) – Response to Dkt.76.1, Notice of Supplemental Authority Under Rule 28(j)

Dear Ms. Wolfe:

Plaintiffs-Appellants respond to the Secretary's Rule 28(j) letter regarding *Christian v. James*, __ F.4th __, 2026 WL 1378796 (2d Cir. May 18, 2026). The Secretary says *Christian* bolsters his facial-challenge argument. It does not.

The Secretary glosses over what happened in *Christian*, and for good reason: It is a straightforward forfeiture case in which the district court and this Court declined to consider a new claim that was neither timely raised nor properly developed. The *Christian* plaintiffs facially challenged a provision prohibiting firearms in "sensitive locations," including "public parks." Op.4. They did not raise an as-applied challenge to that provision in their complaint, in their preliminary injunction motion, or in this Court on appeal from the preliminary injunction decision—despite bringing an as-applied challenge to a different provision "in the same breath." Op.36-37. Only after this Court rejected the facial challenge at the preliminary injunction stage, Op.33-34, did the plaintiffs change course. For the first time at summary judgment, they raised a narrower challenge to the provision as applied to rural parks. Op.9-10, 37. The district court declined to consider that new argument, and so did this Court. Op.37. What's more, this Court noted that the as-applied argument was not "adequately developed." Op.37 n.6.

Here, by contrast, the Secretary wants this Court to use a purported pleading defect to skip the merits question litigated from the start of this case. Nothing in *Christian* supports that approach. After all, that is not what the distinction between facial and as-applied challenges is for. The distinction "goes to the breadth of the remedy employed by the Court, not what must be pleaded in a complaint." *Citizens United v. FEC*, 558 U.S. 310, 331 (2010). *Christian's* refusal to use an unexplained citation to *Citizens United* to justify *sua sponte* considering an untimely, undeveloped argument is not to the contrary. Op.37 n.6.

June 1, 2026
Catherine O'Hagan Wolfe, Clerk of Court
Page 2

      This case has always been about whether EPCA preempts New York's ban on EPCA-covered products and associated infrastructure. The parties fully litigated that issue below and here. The district court resolved the merits, and so should this Court. Reply.Br.32-35.

Respectfully submitted,

/s/ *Brian C. Baran*

Brian C. Baran
*Counsel for Plaintiffs-Appellants*